| | |
|---|---|
| JOHN KARCZEWSKI,<br><br>Plaintiff,<br><br>v.<br><br>CONANT AUTO RETAIL, SAN DIEGO, INC., a California Corporation,<br><br>Defendant. | Case No. 14cv2615-JAH (JLB)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 37)** |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

## **INTRODUCTION**

Pending before the Court is Defendant Conant Auto Retail, San Diego, Inc.'s ("Defendant") motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Doc No. 37. The motion is fully briefed. Plaintiff John Karczewski ("Plaintiff") filed a response in opposition. Doc. No. 39. After careful review of the pleadings submitted by both parties, and for the reasons set forth below, the Court **DENIES** Defendant's motion for summary judgment.

//
//
//
//

1

## FACTUAL BACKGROUND

Plaintiff is a paraplegic and uses a wheelchair. Doc. No. 1. Plaintiff asserts that in July 2014, he went to Toyota San Diego with the intention of buying a car and requested portable hand controls be installed so he could test-drive vehicles. Id. at pgs. 1-2. Id.

Hand controls allow drivers to accelerate and brake by using their hands instead of their feet. Doc No. 37-1 at pg. 11. In addition to there being two types of hand controls, permanent and portable, hand controls are further categorized based on means of operation: (1) push/pull, (2) push/right, (3) push/twist, and (4) push/rock. Id. Portable hand controls are temporary in nature and can be removed. Id. at pg. 12. Portable hand controls "are not mounted or secured to a vehicle and can be installed and removed without permanent modifications or markings to a vehicle or its components." Id. Portable hand controls can be affixed with Velcro straps or put in the driver's lap. Id. Permanent hand controls, unlike portable hand controls, are not removable. Doc. No. 1 at pgs. 1-2.

Specifically, Plaintiff requested that Toyota San Diego install the QuicStick portable hand control for his test drive. Doc. No. 37-1 at pg. 15. The QuicStick affixes to the brake and accelerator pedals. Id. The QuicStick uses a push/push mechanism where drivers push the rod to deactivate each pedal. Id. As of now, the QuicStick is not compatible with all available Toyota models. Id.

Defendant, Toyota San Diego's business operator at the time of the alleged incident, did not accommodate Plaintiff's request to have the hand controls installed for a test drive. Doc. No. 1.

## PROCEDURAL BACKGROUND

On November, 3, 2014, Plaintiff filed a complaint against Defendant and Does 1-10 (collectively "Defendants") alleging four claims: 1) violation of the Americans with Disabilities Act ("ADA"); 2) violation of the Unruh Civil Rights Act; 3) violation of the California Disabled Persons Act; and 4) a negligence claim. Id. Plaintiff seeks injunctive relief, damages, and costs of litigation, including attorney fees. Id.

On January 27, 2015, Defendant filed a motion to dismiss Plaintiff's complaint. Doc. No. 7. Plaintiff filed his response to Defendant's motion on February 20, 2015. Doc. No. 9. On June 2, 2015, this Court issued an order granting Defendant's motion to dismiss. Doc. No. 13. Plaintiff filed a Notice of Appeal to the Ninth Circuit on June 10, 2015. Doc. No. 16. On August 1, 2017, this Court received the USCA Mandate and issued an order spreading the mandate on December 8, 2017. Doc. No. 20. The mandate, reflecting the Ninth Circuit Court judgment entered on July 10, 2017, vacated and remanded this Court's dismissal. Doc. No. 21. Parties filed a joint motion for extension of time on January 9, 2018. Doc. No. 22. On January 11, 2018, this Court granted the joint motion for extension of time. Doc. No. 23. Defendant filed an answer to Plaintiff's complaint on January 29, 2018.

Defendant filed the motion for summary judgment on September 14, 2018. Doc. No. 37. On November 4, 2018, Plaintiff filed a response in opposition to Defendant's motion. Doc. No. 39. Parties appeared in front of this Court on December 17, 2018 for oral argument. At the Court's direction, Defendant filed supplemental briefing in support of its motion for summary judgment (Doc. No. 49) on December 17, 2018, and Plaintiff filed supplemental briefing (Doc. No. 55) on January 3, 2019.

## DISCUSSION

### I. Legal Standard

Summary judgment is only appropriate when no genuine dispute of material fact exists. Irdeto Access, Inc. v. Echostar Satellite Corp., 383 F.3d 1295, 1299 (Fed. Cir. 2004), quoting Bai v. L & L Wings, Inc., 160 F.3d 1350, 1353 (Fed. Cir. 1998).

A fact is material when, under the governing substantive law, it could affect the outcome of the case. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Freeman v. Arpaio, 125 F.3d 732, 735 (9th Cir. 1997). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The moving party may satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden or proof at trial. Id. at pgs. 322-23

Where the party moving for summary judgment does not bear the burden of proof at trial, it may show that no genuine issue of material fact exists by demonstrating "there is an absence of evidence to support the non-moving party's case." Id. at pg. 325. The moving party is not required to produce evidence showing the absence of a genuine issue of material fact, nor is it required to offer evidence negating the nonmoving party's claim. Lujan v. National Wildlife Fed'n, 497 U.S. 871, 885 (1990); United Steelworkers v. Phelps Dodge Corp., 865 F.2d 1539, 1542 (9th Cir. 1989). "Rather, the motion may, and should, be granted so long as whatever is before the District Court demonstrates that the standard for the entry of judgment, as set forth in Rule 56(c), is satisfied." Lujan, 497 U.S. at 885 (quoting Celotex, 477 U.S. at 323). If the moving party fails to discharge this initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 159-60 (1970).

"Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). "The district court may limit its review to the documents submitted for purpose of summary judgment and those parts of the record specifically referenced therein." Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1030 (9th Cir. 2001). Therefore, the court need not "scour the record in search of a genuine issue of triable fact." Keenan v. Allen, 91 F.3d 1275, 1279 (9th Cir. 1996) (citing Richards v. Combined Ins. Co., 55 F.3d 247, 251 (7th Cir. 1995)).

4

The court may not make credibility determinations, and inferences to be drawn from the facts must be viewed in the light most favorable to the party opposing the motion. Masson v. New Yorker Magazine, 501 U.S. 496, 520 (1991); see Anderson, 477 U.S. at 255; Matsushita, 475 U.S. at 587.

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." First Nat'l Bank of Ariz. V. Cities Service Co., 391 U.S. 253, 289-90 (1968)); Giles v. General Motors Acceptance Corp., 494 F.3d 865, 872 (9th Cir. 2007). Thus, the "purpose of summary judgment is to 'pierce the pleadings and to access the proof in order to see whether there is a genuine need for trial.' " Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) Advisory Committee Note to 1963 amendments).

## II. Analysis

The Court will first address Plaintiff's ADA claim.

### a. ADA Claim

Defendant argues that it did not violate the ADA because Plaintiff's request is an unreasonable accommodation. Doc. No. 37-1 at pg. 6. Specifically, Defendant contends that installing hand controls is unreasonable for four reasons. Id. at pgs. 18-25. First, Defendant asserts that the Toyota manufacturer prohibits Toyota dealers from installing hand controls. Id. at pg. 19. Second, Defendant asserts that installing portable hand controls for test drives is not in compliance with federal safety regulations. Id. at pgs. 19-23. Defendant contends "[t]here is no empirical testing data for [Toyota San Diego] to rely upon regarding the impact of hand controls on a vehicle's safety features since no testing has been completed or published which discuss this impact on any makes and models." Id. at pg. 21. Defendant contends that the ADA does not require Defendant to offer accessories like hand controls for consumer test drives. Id. at pgs. 26-28. Third, Defendant argues that installing temporary hand controls for test drives creates safety concerns because the drivers are not trained. Id. at pgs. 23-25. Defendant asserts that hand controls must be

5

specifically tailored for individuals and cannot be used for test drives. Id. at pg. 27. Defendant posits that in order for drivers to safely operate hand controls, specialists must first review a driver's medical records, prescribed medications, communication status, and driving history. Id. at pg. 16. Without these measures in place, Defendant contends that it would be unreasonable for Defendant to bear this type of risk, and the only solution to remedy this risk would be to install permanent hand controls. Id. Fourth, Defendant argues that the ADA does not require the installation of permanent hand controls for test drives. Id. at pgs. 25-26. Defendant asserts that requiring the installation of permanent hand controls would fundamentally alter Defendant's business because installing permanent hand controls is complicated, costly, and time-consuming. Id. Defendant argues that it has not created a barrier or denial of access to its facilities. Id. at pgs. 28-29.

Also, in support of its motion, Defendant introduces the declaration of its expert witness, Terry Barton. Doc. No. 37-7. Defendant's expert opines "[a]ll drivers that need to use hand controls should be properly trained on the specific type of hand controls installed on a vehicle, regardless of whether the hand controls are permanent or temporary." Doc. No. 37-1 at pg. 16. Defendant's expert asserts that even if the Toyota manufacturer allowed its dealerships to provide portable hand controls for test drives, dealerships would still need to train technicians to assist drivers. Id. at pg. 19. Defendant's expert asserts that portable hand controls pose various danger concerns. Id. at pg. 23.

In response, Plaintiff argues that Defendant violated the ADA by refusing to make a reasonable accommodation available to Plaintiff. Doc. No. 39 at pgs. 7-8. Plaintiff contends that installing temporary hand controls is reasonable for a variety of reasons. Id. at pg. 13. Plaintiff argues that "temporary hand controls are widely available and easy to install." Id. Plaintiff contends that installing temporary hand controls does not require trained technicians because the installation does not require modification of the vehicle. Id. Plaintiff argues that "portable hand controls are effective, have been in the market for decades, and are sold in the thousands." Id. Plaintiff also argues that portable hand controls can be installed in any car with an automatic transmission, power steering, and brakes. Id.

6

Plaintiff contends that several dealerships, including some in California, offer hand controls for test drives. Id.

Plaintiff also argues that he meets the elements required to establish a prima facie case of an ADA violation: (1) Plaintiff has a disability; (2) Defendant owns and operates a place of public accommodation; (3) Defendant, by refusing to install hand controls, implemented a discriminatory policy and practice; and (4) Defendant discriminated against Plaintiff by not accommodating Plaintiff's disability. Id. at pgs. 7-10. In support of his claim, Plaintiff argues that the accommodation request would not fundamentally change the nature of Defendant's business. Id. at pg. 10. Plaintiff asserts, after extensive hand control testing, federal agencies determined that hand control use does not pose an unusual safety risk. Id. at pgs. 10-11. Plaintiff contends that the U.S. Department of Transportation and the U.S. Department of Transportation and National Highway Transportation Administration ("NHTSA") conducted "a comprehensive study on hand controls and concluded they are generally safe to use." Id. at pg. 11. For these reasons, Plaintiff argues that his request is reasonable and would not fundamentally alter Defendant's business. Id. at pg. 15.

Plaintiff also introduces the declaration of expert witness Jaime Martinez. Doc. No. 39-3. In addition to selling thousands of hand control units, Plaintiff's expert has been using portable hand controls for the past eight years. Id. at pg. 3. Plaintiff's expert asserts that special training is not necessary to use portable hand controls. Doc. No. 39-3 at pg. 5. Plaintiff's expert asserts that portable hand controls do no modify a vehicle and driving specialists are not required for hand control usage. Id. at pg. 6. Plaintiff's expert opines that portable hand controls are cost-efficient and safe to use. Id. at pgs. 3-4.

The Ninth Circuit has previously acknowledged that declarations are often self-serving, and this is properly so because the party submitting it would use the declaration to support his or her position. S.E.C. v. Phan, 500 F.3d 895, 909 (9th Cir. 2007) (holding that the district court erred in disregarding declarations as "uncorroborated and self-serving"). Although the source of the evidence may have some bearing on its credibility and on the

7

weight it may be given by a trier of fact, the district court may not disregard evidence presented at the summary judgment stage solely based on its self-serving nature. See Id. However, a self-serving declaration that states only conclusions and uncorroborated facts would not generally be admissible evidence. See Id.; see also Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1059 n. 5, 1061 (9th Cir. 2002) (holding that the district court properly disregarded the declaration that included facts beyond the declarant's personal knowledge and did not indicate how she knew the facts to be true); F.T.C. v. Publ'g Clearing House, Inc., 104 F.3d 1168, 1171 (9th Cir. 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact.").

If the moving party in a motion for summary judgment meets its initial burden, the nonmoving party must produce admissible evidence showing that a genuine issue of material fact exists. Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102–03 (9th Cir. 2000). The nonmoving party cannot defeat summary judgment merely by demonstrating "that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Rather, the nonmoving party must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Celotex, 477 U.S. at 324 (citing FED. R. CIV. P. 56(e)) (internal quotations omitted). If the nonmoving party fails to make this showing, the moving party is entitled to summary judgment. Celotex, 477 U.S. at 323.

The ADA states in relevant part:

"No individual shall be discriminated against on the basis of a disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

Under the ADA, discrimination is defined as not making "reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations" to those with

8

disabilities. 28 U.S.C. 12182(2)(A)(ii). In order to prove that Defendant discriminated against Plaintiff and violated the ADA, Plaintiff must demonstrate the following:

> (1) Plaintiff is disabled as that term is defined by the ADA; (2) Defendant is a private entity that owns, leases, or operates a place of public accommodation; (3) Defendant employed a discriminatory policy or practice; and (4) Defendant discriminated against the plaintiff's disability by failing to make a requested reasonable modification that was necessary to accommodate the plaintiff's disability.

Karczewski v. DCH Mission Valley LLC, 862 F.3d 1006, 1010 (9th Cir. 2017).

Here, the parties cannot agree on the 'reasonableness' of Plaintiff's request. The Ninth Circuit has ruled that "[p]ublic accommodations must start by considering how their facilities are used by non-disabled guests and then take reasonable steps to provide disabled guests with a like experience." Id. at 1017 (quoting Baughman v. Walt Disney World Co., 685 F.3d 1131, 1135 (9th Cir. 2012)). In a factually-similar case, the Ninth Circuit ruled "the installation of vehicle hand controls is likely reasonable at a large dealership that regularly installs hand controls, has spare universal hand controls on hand, and employs many mechanics with expertise in installing hand controls, when advance notice is given by a customer with clear expertise in using hand controls." Karczewski, 862 F.3d at 1017. The Ninth Circuit in Karczewski also added that for many dealerships, such a request for the installation of hand controls may be "unreasonably burdensome." Id. In determining the 'reasonableness' of an accommodation request, this Court will proceed with "a fact-specific, case-by-case inquiry that considers, among other factors, the effectiveness of the modification in light of the nature of the disability in question and the cost to the organization that would implement it." Id. at 1011 (quoting Fortyune v. Am. Multi-Cinema, Inc., 364 F.3d 1017, 1083 (9th Cir. 2004)). Here, parties disagree on both the reasonableness and feasibility of Plaintiff's accommodation request. Both parties have submitted declarations by expert witnesses, and both parties have held firm to their positions through oral argument.

The Court finds there is a genuine dispute as to the 'reasonableness' of Plaintiff's request for portable hand controls. Accordingly, because 'reasonableness' is an essential

9

element of Plaintiff's ADA claim, Defendant's motion for partial summary judgment as to the ADA claim is **DENIED**.

### b. Unruh Civil Rights Act Claim

Defendant argues that Plaintiff's Unruh Civil Rights Act claim fails because it is contingent on the existence of an ADA violation. Doc. No. 37-1 at pg. 29. Defendant cites California Civil Code § 51(f) in stating a "violation of the right of any individuals under the federal Americans with Disabilities Act of 1990 shall also constitute a violation of this section." Id.

Because the Court denies Defendant's partial summary judgment motion as to the ADA claim, the Court denies Defendant's partial summary judgment motion as to the Unruh Civil Rights Act claim.

### c. California Disabled Persons Act Claim

Defendant argues that Plaintiff's California Disabled Persons Act claim fails because it is also contingent on the existence of an ADA violation. Id. Defendant cites California Civil Code § 54.1(d) in stating a "violation of the right of any individuals under the federal Americans with Disabilities Act of 1990 also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act." Id.

Because the Court denies Defendant's motion for partial summary judgment as to the ADA claim, the Court denies Defendant's motion for partial summary judgment as to the California Disabled Persons Act claim.

### d. Negligence Claim

Defendant argues that Plaintiff's negligence claim fails because Plaintiff relies on an ADA violation to establish Defendant's duty owed to Plaintiff. Doc. No. 37-1 at pgs. 29-30. Defendant contends that because it did not commit an ADA violation, Defendant did not owe Plaintiff a duty, and Plaintiff's negligence claim should fail. Id.

Here again, in light of the Court's denial of Defendant's motion for partial summary judgment as to the ADA claim, the Court denies Defendant's motion for partial summary judgment as to Plaintiff's negligence claim.

## **CONCLUSION**

Based on the foregoing reasons, **IT IS HEREBY ORDERED THAT** Defendant's motion for summary judgment (Doc. No. 37) is **DENIED**.

**IT IS SO ORDERED.**

DATED: January 9, 2019

JOHN A. HOUSTON
United States District Judge